**UNITED STATES of America,
Appellee,**

v.

**Neville Carl SIMPSON, a/k/a "Evon Dixon", Defendant–Appellant.**

**Docket No. 02–1059.**

United States Court of Appeals,
Second Circuit.

Argued: Oct. 22, 2002.

Decided: Dec. 24, 2002.

Amended Dec. 30, 2002.

Second Amendment Jan. 24, 2003.

Yuanchung Lee, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Harry Sandick, Assistant United States Attorney (Gary Stein, Assistant United States Attorney, of counsel; James B. Comey, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Before WINTER and CABRANES, Circuit Judges, and JONES,* District Judge.

JOSÉ A. CABRANES, Circuit Judge.

Defendant Neville Carl Simpson, also known as "Evon Dixon" ("defendant" or "Simpson"), appeals from a judgment of conviction entered by the United States District Court for the Southern District of New York (George B. Daniels, *Judge*), on January 28, 2002. The District Court convicted Simpson, after he pleaded guilty, to one count of illegal reentry of an aggravated felon, in violation of 8 U.S.C. §§ 1326(a), (b)(2),[1] and sentenced him

---

* The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

1. 8 U.S.C. § 1326(a) provides for the imposition of a fine and a prison term of up to two years for an alien who has illegally reentered the country. Subsection (b) provides for a

principally to 18 months of imprisonment. Simpson raises one issue on appeal—whether the District Court erred in imposing an eight-level sentence enhancement under United States Sentencing Guideline § 2L1.2(b)(1)(C) (the "Guideline"), instead of a four-level enhancement under U.S.S.G. § 2L1.2(b)(1)(E).[2] We affirm the judgment of the District Court in light of the express language of U.S.S.G. § 2L1.2(b) and our understanding of the meaning of the term "aggravated felony" as used in that Guideline.

## I.

The record reveals the following undisputed facts. Simpson, a citizen of Jamaica, illegally entered the United States in 1990. He was arrested by the New York City Police Department ("NYPD") on August 27, 1992, after he sold marijuana to an undercover police officer.

On September 2, 1992 he received a conditional discharge[3] after pleading guilty to Criminal Sale of Marijuana in the Fourth Degree in violation of N.Y. Penal Law § 221.40, a misdemeanor under New York State law. N.Y. Penal Law § 221.40 (McKinney 2000).

Six days later, on September 8, 1992, Simpson was arrested again in Manhattan for selling marijuana to a confidential informant working for the NYPD. On October 1, 1992 he again received a conditional discharge after pleading guilty to Criminal Sale of Marijuana in the Fourth Degree. Simpson was arrested a third time on June

---

fine and a prison term of up to twenty years for an illegal reentrant who was deported based on his having been convicted of an aggravated felony. 8 U.S.C. § 1326(b).

**2.** U.S.S.G. § 2L1.2(b)(1) provides in relevant part that courts sentencing illegal reentrants must "[a]pply the [g]reatest" of the following sentencing enhancements:

> If the defendant previously was deported ... after:
> (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; ... increase by 16 levels;
> (B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels;
> (C) a conviction for an aggravated felony, increase by 8 levels;
> (D) a conviction for any other felony, increase by 4 levels; or
> (E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by 4 levels.

U.S.S.G. § 2L1.2(b)(1).

Application Note 2 states that "[f]or purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43), without regard to the date of conviction of the aggravated felony." Application Note 3 discusses U.S.S.G. § 2L1.2(b)(1)(E) and states that, " '[t]hree or more convictions' means at least three convictions for offenses that (i) were separated by an intervening arrest; (ii) did not occur on the same occasion; (iii) were not part of a single common scheme or plan; or (iv) were not consolidated for trial or sentencing."

**3.** Under New York law, a "conditional discharge" may be imposed by a court "if the court, having regard to the nature and circumstances of the offense and to the history, character and condition of the defendant, is of the opinion that neither the public interest nor the ends of justice would be served by a sentence of imprisonment and that probation supervision is not appropriate." N.Y. Penal Law § 65.05(1) (McKinney 1998); see N.Y. Penal Law § 65.10 (McKinney 1998) (setting forth the conditions for conditional discharge). Conditional discharge, according to the practice commentary,

> seeks to provide the offender the same opportunity for rehabilitation, without institutional confinement, by imposing one or more of the same conditions that may be imposed as incident to a sentence of probation, but without requiring the supervision of the offender by a probation officer.

William C. Donnino, *Practice Commentary*, McKinney's Cons.Laws of N.Y., Book 39, Penal Law art. 65, at 300–01 (1998).

9, 1993 for selling marijuana to a confidential informant working for the NYPD. He pleaded guilty to Criminal Sale of Marijuana in the Fourth Degree and, this time, received a sentence of "time served" for the two days he had already spent in prison. He was arrested a fourth time on November 11, 1993, while in possession of twenty-nine "dime bags" of marijuana. On November 12, 1993, Simpson pleaded guilty to Criminal Possession of Marijuana in the Fourth Degree in violation of N.Y. Penal Law § 221.15, another misdemeanor under New York State law, and was sentenced to imprisonment for fifteen days. *See* N.Y. Penal Law § 221.15 (McKinney 2000).

Simpson was taken into custody by the Immigration and Naturalization Service ("INS") after the fourth of these misdemeanor convictions and deported to Jamaica on July 24, 1994.

In or about 1997, Simpson illegally returned to the United States and resumed his practice of possessing and distributing illegal drugs. On December 9, 1998, he was arrested in Manhattan for possession of marijuana in plain view of the arresting officer; he was searched and found to have eleven bags of marijuana in his possession. On December 10, 1998, he pleaded guilty to Criminal Possession of Marijuana in the Fifth Degree, in violation of N.Y. Penal Law § 221.10, and received a sentence of imprisonment of three days. N.Y. Penal Law § 221.10 (McKinney 2000).

Simpson was arrested again in Manhattan on February 3, 2001 for the sale of crack cocaine. This charge was still pending in New York Supreme Court, when the INS, having learned of Simpson's presence in the United States and his latest arrest, took custody of him and charged him with the reentry offense. On July 27, 2001

Simpson pleaded guilty in the District Court, without a plea agreement, to illegally reentering the United States as an aggravated felon, based on his 1992–1993 New York misdemeanor drug convictions. The District Court conducted a thorough plea allocution pursuant to Rule 11 of the Federal Rules of Criminal Procedure and found that Simpson's plea was voluntary and that he understood the nature and consequences of his plea. The Court stayed Simpson's sentencing until amendments to the Guidelines more favorable to defendants went into effect on November 1, 2001. The new version of U.S.S.G. § 2L1.2, see note 2 *ante*, allows for graduated sentence enhancements for defendants who illegally entered the Unites States—as opposed to the prior scheme, which provided for a mandatory sixteen-level enhancement.

The new (2001) version of § 2L1.2, requires a sentencing court to impose an eight-level enhancement where a defendant convicted of illegal reentry has previously been convicted of an "aggravated felony." U.S.S.G. § 2L1.2(b)(1)(C); *see* note 2 *ante*. In addition, the 2001 version of U.S.S.G. § 2L1.2(b)(1)(E) provides that defendants previously convicted of three or more misdemeanors that were drug trafficking offenses are to receive only a four-level enhancement. *See* note 2 *ante*. Under this version of the Guidelines, if more than one enhancement under § 2L1.2(b)(1) could apply to a particular defendant, the sentencing court must "[a]pply the [g]reatest" possible enhancement. *Id.*

The District Court concluded that Simpson's New York misdemeanor drug trafficking convictions were "aggravated felonies" within the meaning of 18 U.S.C. § 924(c)(2),[4] which punishes such offenses

---

**4.** 18 U.S.C. § 924(c)(2) states in relevant part: "the term 'drug trafficking crime' means any

felony *punishable* under the Controlled Substances Act ....' " (emphasis added).

as felonies under federal law. The Court looked to the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801 to 971, for an understanding of how federal law would treat the offenses for which Simpson was convicted of misdemeanors under New York law. *See* 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(D). It found that all of Simpson's misdemeanor convictions would be punishable as felonies under the CSA— that is, distribution of marijuana, possession with intent to distribute marijuana, and simple possession of marijuana after a prior conviction for any controlled substance offense, were all punishable as felonies under the CSA. Having held that, in these circumstances, the November 2001 version of Sentencing Guideline § 2L1.2(b) applied, the Court prescribed an eight-level enhancement, and found that no downward adjustment was warranted. It therefore imposed a sentence of eighteen months of imprisonment and two years of supervised release; it also imposed a $100 special assessment.

This timely appeal followed.

## II.

We review sentences for legal error *de novo.* *United States v. Matthews,* 205 F.3d 544, 545 (2d Cir.2000). Simpson's argument that he is only subject to a four-level enhancement because U.S.S.G. § 2L1.2(b)(1)(E) ought to apply, rather than U.S.S.G. § 2L1.2(b)(1)(C), is without merit.

In Application Note 2 to § 2L1.2(b)(1)(C), see note 2 *ante,* "aggravated felony" is accorded the meaning given that term in 8 U.S.C. § 1101(a)(43)(B), which provides that an "aggravated felony" consists of "illicit trafficking in a controlled substance ..., including a drug

trafficking crime (as defined in section 924(c) of Title 18)." As noted above, under 18 U.S.C. § 924, a "drug trafficking crime" is "any felony punishable under the Controlled Substances Act." *See* note 4, *ante.* The CSA defines a felony as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13).

■ Accordingly, a drug trafficking offense is an "aggravated felony" when it is: (1) an offense *punishable* under the CSA, and (2) can be classified as a felony under either state *or* federal law. *See United States v. Pornes–Garcia,* 171 F.3d 142, 145 (2d Cir.1999); *United States v. Polanco,* 29 F.3d 35, 38 (2d Cir.1994). Simpson's convictions were all for misdemeanors under New York law. N.Y. Penal Law §§ 221.10, 221.15, 221.40 (McKinney 2000).[5] However, the crimes for which Simpson was charged under New York law were also punishable under federal law. For example, under the CSA the sale of marijuana is a felony offense that carries a maximum term of five years' imprisonment (or ten years' imprisonment for a second offense). *See* 21 U.S.C. § 841(b)(1)(D); *see also* 18 U.S.C. § 3559(a) (specifying that any offense punishable by more than one year of imprisonment is a felony).

Thus, the District Court properly held that each of Simpson's three prior convictions for Criminal Sale of Marijuana in the Fourth Degree under New York law were "aggravated felonies" for purposes of sentencing under the Guidelines because, under the CSA, all three are punishable as felonies. The Court also correctly concluded that Simpson's conviction for Criminal Possession of Marijuana in the Fourth Degree in 1993 under New York law is an

---

**5.** Under N.Y. Penal Law § 221.40, "[a] person is guilty of criminal sale of marihuana in the fourth degree when he knowingly and

unlawfully sells marihuana.... Criminal sale of marihuana in the fourth degree is a class A misdemeanor."

aggravated felony within the meaning of the Guidelines, because that offense would have been punishable as a felony under the CSA. *See* 21 U.S.C. § 844(a); 18 U.S.C. § 3559(a).[6] Having found that Simpson's misdemeanor convictions under New York law were "aggravated felonies" *for purposes of the Guidelines,*[7] the District Court correctly followed the directions of the Guidelines and applied the greater of the two arguably applicable sentence enhancement levels, with the result that Simpson received the eight-level enhancement prescribed by U.S.S.G. § 2L1.2(b)(1)(C). *See* note 2 *ante.*

▪ Simpson argues on appeal that the rule of lenity, which provides that "where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant[,]" *United States v. Bass,* 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), is also applicable to the Guidelines. Whether the rule of lenity applies to the Guidelines is an open question in this Circuit. *See United States v. Tran,* 234 F.3d 798, 811 (2d Cir.2000) (reserving decision on whether the rule of lenity is applicable to interpretation of the Guidelines), *overruled on other grounds by United States v. Thomas,* 274 F.3d 655 (2d Cir.2001) (*en banc*); *United States v. Johnson,* 221 F.3d 83, 99 (2d Cir.2000) (same); *United States v. Westcott,* 159 F.3d 107, 116–17 & n. 5 (2d Cir.1998) (same); *United States v. Ca-*

*nales,* 91 F.3d 363, 367 n. 4 (2d Cir.1996) (same).

▪ We join several of our sister circuits in applying the rule of lenity to the Guidelines. *See United States v. Gonzalez–Mendez,* 150 F.3d 1058, 1061 (9th Cir. 1998) (applying the rule of lenity to the Guidelines, but finding Application Note 7 to § 2L1.2(b) unambiguous); *United States v. Lazaro–Guadarrama,* 71 F.3d 1419, 1421 (8th Cir.1995) (applying the rule of lenity to the Guidelines and finding that the "[t]he rule of lenity states that a court cannot interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended.") (internal quotation marks and citation omitted); *United States v. Cutler,* 36 F.3d 406, 408 (4th Cir.1994) (holding that the rule of lenity may be applied to the Guidelines). We come to this conclusion mindful of the fact that certain Circuits have reached a contrary conclusion. *See United States v. Mrazek,* 998 F.2d 453, 455 (7th Cir.1993) (holding rule of lenity inapplicable to the Guidelines); *United States v. Wake,* 948 F.2d 1422, 1434 (5th Cir.1991) (holding the rule of lenity is inapplicable to sentencing enhancements). "The purposes underlying the rule of lenity [are] to promote fair notice to those subject to the criminal laws, to minimize the risk of selective or arbitrary enforcement, and to maintain the proper balance between Congress, prosecutors, and courts...." *United States v. Kozminski,* 487 U.S. 931, 952, 108 S.Ct.

---

6. Section 844(a) of Title 21 provides that, "[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance.... Any person who violates this subsection ... if he commits such offense after a prior conviction ... for any drug, narcotic, or chemical offense chargeable under the law of any State, ... shall be sentenced to a term of

imprisonment for not less than 15 days but not more than 2 years...." Section 3559(a) of Title 18 provides that offenses punishable by more than one year of imprisonment are classified as felonies.

7. We offer no comment on whether such convictions constitute "aggravated felonies" for any purpose other than the Guidelines.

2751, 101 L.Ed.2d 788 (1988). Application of the rule of lenity to the Guidelines promotes these goals.

Although we are satisfied that the rule of lenity is generally applicable to the Sentencing Guidelines as well as criminal statutes, in order for the rule of lenity to apply to a criminal law—or in this case, to a Guideline—the provision ·of law at issue must be ambiguous. *United States v. Campbell,* 167 F.3d 94, 98 (2d Cir.1999) (holding that the rule of lenity only applies when the Guideline is ambiguous, and finding an earlier version of U.S.S.G. § 2L1.2 was not ambiguous in mandating that a vacated state-court conviction be considered a "conviction" for the purposes of U.S.S.G. § 2L1.2); *United States v. Collado,* 106 F.3d 1097, 1101 (2d Cir.1997) ("The rule of lenity requires the sentencing court to impose the lesser of two penalties where there is an actual ambiguity over which penalty should apply." (internal quotation marks and citation omitted)), *overruled on other grounds, United States v. Ortiz,* 143 F.3d 728, 729 n. 1, 730–31 (2d Cir.1998) (holding, after circulation of the panel's decision to all active judges on the Court of Appeals, that *Collado* was wrongly decided in light of new arguments suggesting that the statute at issue was not ambiguous).

■ The current version of § 2L1.2(b)(1) is not ambiguous and does not require invocation of the rule of lenity in the circumstances presented here. Guideline § 2L1.2(b)(1) states clearly that the greater of two applicable sentence enhancements must be applied. In this case, defendant is *both:* (1) an "aggravated felon" because his crimes were punishable as felonies under the CSA (indicating an eight-level enhancement under U.S.S.G. § 2L1.2(C)), *and* (2) a person convicted of four misdemeanors that were drug trafficking offenses (indicating a four-level en-

hancement under U.S.S.G. § 2L1.2(E)). Accordingly, the District Court was required to apply the higher of the two applicable sentence enhancements under § 2L1.2(b)(1).

### III.

For the reasons set forth above, the judgment of the District Court is affirmed.