**Guiseppe PUGLIESE, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 03–40166.**

United States Court of Appeals, Second Circuit.

March 29, 2006.

Barbara S. Reede, Queens, NY, for Petitioner.

Ara B. Gershengorn, Assistant United States Attorney (Patrick L. Meehan, United States Attorney, Eastern District of Pennsylvania; Robert A. Zauzmer, Assistant United States Attorney, on the brief), Philadelphia, PA, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, and Hon. DAVID G. TRAGER, District Judge.[1]

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 29th day of March, two thousand six.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is hereby **DENIED**.

Guiseppe Pugliese ("Pugliese"), a native and citizen of Italy, petitions this Court pursuant to Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, for review of a June 10, 2003, decision of the Board of Immigration Appeals ("BIA"). The BIA summarily affirmed a May 17, 2002, decision of an Immigration Judge ("IJ") denying Pugliese's applications for discretionary relief pursuant to former Subsection 212(c) of the INA (" § 212(c) relief"), asylum, withholding of removal, and relief under the Convention Against Torture, and ordering Pugliese's removal from the United States. We assume the parties' familiarity with the facts, decision below, and issues on appeal.

In this petition, Pugliese argues that his due process rights, including his right to counsel, were violated because the IJ, after granting Pugliese numerous continuances, refused to grant Pugliese a further continuance when Pugliese fired his counsel and retained new counsel, Jeffrey M. Gottlieb, shortly before a scheduled hearing. (The IJ gave Pugliese a choice between proceeding with the assistance of his previous counsel, James Cullen, and proceeding *pro se*. Pugliese chose to proceed *pro se*.) Petitioner further argues that the IJ erred in failing to specifically consider certain issues that Pugliese had previously raised, i.e., whether he was, in fact, an aggravated felon (so as to be removable) and whether he might be eligible for § 212(c) relief.

After carefully reviewing the record, we find that no due process violation occurred. The IJ had held several hearings and granted several continuances to Pugliese based on his health problems and on then-counsel's busy trial schedule and need for more time to put together the case. The case had been pending before that particular IJ[2] for two years even though, as the IJ noted, it was not in fact a particularly fact-intensive or legally complex case. Pugliese's initial counsel, Cullen, had already argued much of Pugliese's case to the IJ. Finally, Pugliese's intended counsel made his request for a continuance only ten business days prior to the scheduled hearing, despite the fact that Pugliese had in fact retained him more than two weeks earlier. In these circumstances, the IJ's refusal to adjourn the case further did not violate Pugliese's due process rights.

Pugliese next asserts, in a conclusory sentence, that the IJ failed to consider certain questions counsel had raised as to (1) whether Pugliese was, in fact, deportable; (2) whether he was entitled to 212(c) relief because, under *St. Cyr v. INS*, 229

---

[2]. The case originated in Pennsylvania, where Pugliese was in DHS custody, and was then, after Pugliese was released, transferred to New York at his request.

F.3d 406 (2d Cir.2000), recent statutory restrictions on that relief should not be applied retroactively to prior convictions; and (3) "whether the I.N.S. failed to follow the requisite procedures to place him in removal proceedings." However, Pugliese failed to exhaust these grounds before the BIA (where he was represented by his chosen counsel); to the extent counsel's argument below went at all to the merits of the IJ's decision, it mentioned only Pugliese's application for relief under the Convention Against Torture, not any other defenses to removal or grounds for relief.[3]

We have considered Pugliese's remaining arguments on this appeal and find that they are without merit. Accordingly, for the foregoing reasons the petition for review and motion for stay of removal are **DENIED**.

---

**3.** Even were these grounds properly before us, they would appear meritless. Pugliese's conviction for heroine trafficking is, without question, an aggravated felony. *See United States v. Simpson*, 319 F.3d 81, 85 (2d Cir. 2002) ("[A] drug trafficking offense is an 'aggravated felony' when it is: (1) an offense punishable under the [Controlled Substances Act], and (2) can be classified as a felony under either state or federal law."). And we have held that *St. Cyr* applies only to plea convictions, not to jury convictions such as Pugliese's. *Rankine v. Reno*, 319 F.3d 93 (2d Cir.), *cert. denied*, 540 U.S. 910, 124 S.Ct. 287, 157 L.Ed.2d 199 (2003).

