UNITED STATES of America,
Appellee,

v.

Cornel Rudolf WILSON, Defendant–Appellant.

No. 07–3655–cr.

United States Court of Appeals,
Second Circuit.

Sept. 30, 2008.

Michael Garcia, United States Attorney for the Southern District of New York (Kenneth A. Polite, Jr., Celeste L. Koeleveld, Assistant United States Attorneys, of counsel), New York, NY, for Appellee.

Julia Pamela Heit, New York, NY, for Defendant–Appellant.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

In April 2007, Cornel Rudolf Wilson pled guilty to illegal reentry after having been lawfully deported following a conviction for an aggravated felony. In August 2007, the district court sentenced Wilson principally to 21 months' imprisonment. He now appeals his sentence. We assume the parties' familiarity with the facts and procedural history of the case.

Wilson contends that the district court erred in finding that his 1983 conviction in Bronx County Criminal Court for attempted criminal sale of marijuana, a misdemeanor under New York state law, qualified as a aggravated felony for the purpose of enhancing his sentence. We review legal challenges to a sentence *de novo, United States v. Matthews,* 205 F.3d 544, 545 (2d Cir.2000), and find that Wilson's argument is without merit.

We have previously held that a drug trafficking offense, regardless of its classification under state law, is an aggravated felony for sentencing enhancement purposes when it is (1) an offense punishable under the federal Controlled Substance Act (the "CSA"), and (2) can be classified as a felony under federal law. *United States v. Simpson,* 319 F.3d 81, 85–86 (2d Cir.2002). Wilson's 1983 conviction was punishable under the CSA, *see* 21 U.S.C. § 841(b)(1)(D), and qualifies as a felony under federal law, *see* 18 U.S.C. § 3559(a). Thus, the offense is an aggravated felony under the Sentencing Guidelines. *See Simpson,* 319 F.3d at 85–86.

Wilson invites us to reconsider our holding in *Simpson* in light of *Lopez v. Gonzales,* 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006). We decline to do so, as nothing in *Lopez* suggests that a crime punishable as a felony under federal law, but punishable only as a misdemeanor under state law, does not qualify as an aggravated felony.

For the foregoing reasons, the judgment is AFFIRMED.