07-0785-cr
United States v. Ayon-Robles

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: October 16, 2008      Decided: February 24, 2009)

Docket No. 07-0785-cr

- - - - - - - - - - - - - - - - - - - - -x

United States of America,

          Appellee,

          - v.-

Nolberto Ayon-Robles,

          Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -x

     Before:          JACOBS, Chief Judge, WESLEY Circuit
                      Judge, and ARCARA, District Judge.[*]

     Nolberto Ayon-Robles appeals from a judgment of the

United States District Court for the Northern District of

New York (McAvoy, J.) applying an eight-level enhancement

under United States Sentencing Guidelines § 2L1.2(b)(1)(C)

for a prior aggravated felony, arguing that his prior

---

[*] The Hon. Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York, sitting by designation.

offense--a second state felony conviction for simple possession of a controlled substance--was not an "aggravated felony" under the Guidelines.  In Alsol v. Mukasey, 548 F.3d 207 (2d Cir. 2008), we held that a second felony conviction for simple drug possession was not an aggravated felony for purposes of the Immigration and Nationality Act of 1990, 8 U.S.C. § 1101(a)(43)(B).  Because the term "aggravated felony" has the same meaning under the Guidelines as under the INA, we vacate the sentence imposed on Ayon-Robles and remand for re-sentencing.

BRENDA K. SANNES, Miroslav Lovric, on the brief, Assistant United States Attorneys, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, for Appellee.

ALEXANDER BUNIN, Federal Public Defender, Melissa A. Tuohey, James F. Greenwald, Assistant Federal Public Defenders, on the brief, Syracuse, New York, for Appellant.

PER CURIAM:

Nolberto Ayon-Robles pled guilty in the United States District Court for the Northern District of New York to unlawful reentry by a deported alien in violation of 8

2

U.S.C. §§ 1326(a) and (b)(2), having previously pled guilty to two state felonies for simple possession of a controlled substance. The district court (McAvoy, J.) determined that Ayon-Robles could have been prosecuted for felony recidivist possession under federal law, and therefore applied an eight-level sentencing enhancement for a prior aggravated felony pursuant to United States Sentencing Guidelines § 2L1.2(b)(1)(C). On appeal, Ayon-Robles argues that a second simple-possession felony is not an aggravated felony for sentencing purposes. Guided by our recent decision in Alsol v. Mukasey, 548 F.3d 207 (2d Cir. 2008), we agree. We therefore vacate the sentence imposed below and remand to the district court for resentencing.

**BACKGROUND**

Ayon-Robles, a Mexican national, was arrested in January 2002 following a traffic stop and charged with possession of 11 mg of cocaine. He pled guilty in California state court to felony possession of a controlled substance and was sentenced to three years of probation. In October 2002, police officers found .38 mg of methamphetamine on Ayon-Robles during a lawful search. He

was again charged in state court with felony possession of a controlled substance, and was convicted and sentenced to three years of probation. His probation was revoked in July 2005 and he was sentenced to concurrent sixteen-month and two-year terms of imprisonment. He was deported to Mexico in March 2006.

In August 2006, Ayon-Robles was arrested in Delaware County, New York, on suspicion of rape and endangering the welfare of a child. Ayon-Robles admitted to Immigration and Customs Enforcement agents that he had reentered the United States illegally in May of that year. A grand jury returned an indictment charging Ayon-Robles with unlawfully reentering the United States after having previously been deported following conviction of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Although Ayon-Robles pled guilty to the indictment, he objected to the imposition of an eight-level enhancement at sentencing, arguing that his second state possession offense was not an "aggravated felony" for sentencing purposes because it had not been prosecuted as an offense punishable as a federal felony. The district court rejected Ayon-Robles's argument and applied the eight-level enhancement, imposing a 33-month

4

sentence to be followed by three years of supervised release.  This appeal followed.

**DISCUSSION**

**I.**

We review sentences imposed on federal criminal defendants for substantive and procedural reasonableness. United States v. Booker, 543 U.S. 220, 261-62 (2005).  When a sentence is imposed with due consideration given to the United States Sentencing Guidelines, we review issues of law de novo.  United States v. Selioutsky, 409 F.3d 114, 119 (2d Cir. 2005).

**II.**

The United States Sentencing Guidelines permit an eight-level enhancement for a prior aggravated felony conviction.  U.S.S.G. § 2L1.2(b)(1)(C).  The Guidelines provide that "aggravated felony" has the same meaning as in the Immigration and Nationality Act of 1990 ("INA"). U.S.S.G. § 2L1.2 cmt. n.3(a).  The INA, in turn, defines "aggravated felony" to include "drug trafficking crimes" as defined in Title 18 of the United States Code.  8 U.S.C.

5

§ 1101(a)(43)(B). And "drug trafficking crimes" are defined in 18 U.S.C. § 924(c) to include "any felony punishable under the Controlled Substances Act," 21 U.S.C. § 801 et seq.

In Lopez v. Gonzalez, the Supreme Court ruled that a state offense only constitutes a "felony punishable under the Controlled Substances Act" if the proscribed conduct is "punishable as a felony under that federal law." 127 S.Ct. 625, 633 (2006). In other words, a state felony that would be punishable only as a misdemeanor under the CSA is not a "felony punishable under the Controlled Substances Act." Id.

The district court ruled that Ayon-Robles's second state possession offense was an aggravated felony because it could have been prosecuted as a recidivist felony offense pursuant to the Controlled Substances Act, which provides:

> Any person who violates this subsection[,] if he commits such offense after . . . a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, [] shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years, and shall be fined a minimum of $2,500 . . . .

21 U.S.C. § 844(a).

On appeal, Ayon-Robles argues that the district court

6

erred in treating his second simple-possession offense as a recidivist felony for sentencing purposes. He suggests that a state felony is only a "felony punishable under the [CSA]" if the elements of the federal offense were actually presented to a fact-finder or admitted by a defendant. In other words, Ayon-Robles argues that it is not enough that certain conduct might have been prosecuted as an offense corresponding to a federal felony, but that instead the elements of a charged state offense must correspond in all material respects to the elements of a federal felony.

Our sister circuits have split on this question. The First, Third, and Sixth Circuits have held (in cases applying the INA) that a second simple-possession offense cannot be treated as a recidivist felony under the Controlled Substances Act unless the offense was prosecuted as a recidivist offense under state law. See Berhe v. Gonzales, 464 F.3d 74, 85-86 (1st Cir. 2006); Steele v. Blackman, 236 F.3d 130, 137-38 (3d Cir. 2001); Rashid v. Mukasey, 531 F.3d 438, 442-48 (6th Cir. 2008). By contrast, the Fifth and Seventh Circuits have held (in cases applying the Sentencing Guidelines) that a second simple-possession offense can be treated as a recidivist felony, since the

7

conduct underlying the second possession could have been prosecuted as a recidivist felony under the CSA. See United States v. Cepeda-Rios, 530 F.3d 333, 334-36 (5th Cir. 2008) (per curiam); United States v. Pacheco-Diaz, 506 F.3d 545, 548-50 (7th Cir. 2007).

In Alsol v. Mukasey, 548 F.3d 207 (2d Cir. 2008), we agreed with the First, Third, and Sixth Circuits and held that a second simple-possession conviction is not an offense punishable as a felony under the Controlled Substances Act. Alsol, 548 F.3d at 214. We explained that the Supreme Court's decision in Lopez

> does not stand for the proposition that a
> state offense is a felony punishable
> under the CSA if it could have been
> charged as a recidivist state offense
> that would then be punishable as a
> federal felony; rather, Lopez stands for
> the proposition that a state offense of
> conviction that is punishable as a
> federal felony is an aggravated felony.

Id. Because a second simple-possession offense was not a felony punishable under the CSA, we vacated a BIA decision finding Alsol ineligible for cancellation of removal due to a prior simple possession conviction. Id. at 219.[2]

---

[2] The government suggests that this case is controlled by United States v. Simpson, 319 F.3d 81 (2d Cir. 2002), in which we upheld the application of an eight-level sentencing

8

Our holding in *Alsol* was confined to the immigration context, and therefore we did not decide whether our reasoning extended to sentencing. *Id.* at 218 n.9. But the Sentencing Guidelines specify that the term "aggravated felony" in § 2L1.2(b)(1)(C) "has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act." U.S.S.G. § 2L1.2 note 3(A). It follows that *Alsol*, which interprets the term "aggravated felony" under 8 U.S.C. § 101(a)(43), controls our interpretation of "aggravated felony" under the Sentencing Guidelines. We therefore hold that a second simple-possession offense is not a felony punishable under the CSA, and is therefore not an "aggravated felony" justifying an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C).

We therefore remand to the district court to vacate the sentence and to resentence Ayon-Robles.

---

enhancement under U.S.S.G. § 2L1.2(b)(1)(C), holding that the defendant's three prior convictions for selling marijuana, as well has his prior simple possession conviction, constituted felonies punishable under the CSA. *Simpson*, 319 F.3d at 85-86. Because the three marijuana sale offenses were undoubtedly felonies under the CSA, the *Simpson* panel's discussion of the simple drug possession offense was dictum, and does not control here. *Alsol*, 548 F.3d at 218.