*United States v. Ortiz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty.

PRESENT:  REENA RAGGI,
　　　　　　RICHARD J. SULLIVAN,
　　　　　　STEVEN J. MENASHI,
　　　　　　　　*Circuit Judges*.

_____

United States of America,

　　　　　　　*Appellee*,

　　　　v.                                                            No. 19-3073

Nathanael R. Ortiz, AKA Bob, AKA Bebe,

　　　　　　　*Defendant-Appellant*.

_____

FOR APPELLANT:               MICHAEL K. BACHRACH, Law Office of Michael K. Bachrach, New York, NY.

FOR APPELLEE:              MICHAEL D. MAIMIN (Karl Metzner, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Denny Chin, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Nathanael Ortiz appeals from an order of the district court (Chin, *J.*), denying his motion for a reduced sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  In 2009, Ortiz pleaded guilty to conspiring to distribute and possess with intent to distribute between 150 and 500 grams of crack cocaine, which, at that time, carried a mandatory minimum sentence of 10 years.  *See* 21 U.S.C. §§ 841(b)(1)(A), 846.  At sentencing, the district court determined that Ortiz's Guidelines range was 168 to 210 months' imprisonment and sentenced Ortiz to the bottom end of that range:  168 months.  About a year and a half later, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, went into effect, which prospectively increased the drug amounts

2

needed to trigger certain mandatory minimum sentences for crack cocaine trafficking offenses. Consistent with that policy change, the U.S. Sentencing Commission made several retroactive amendments to the Guidelines over the following years, lowering the proposed sentences for crack cocaine offenses. While Ortiz was not eligible for a resentencing under the forward-looking Fair Sentencing Act, he filed two motions under 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence in light of the various amendments to the Guidelines. The district court denied both requests.

In 2018, Congress passed the First Step Act, which made the Fair Sentencing Act's reductions to mandatory minimums retroactively applicable to defendants like Ortiz. The following year, Ortiz moved yet again for a reduced sentence. The district court denied the motion. Ortiz now appeals this latest denial, arguing that the district court's decision was procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Simply because a defendant is eligible for a reduced sentence under the First Step Act does not mean that a district court is obligated to grant him relief. *See United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020) ("The First Step Act is

3

clear that it does not 'require a court to reduce any sentence.'" (quoting First Step

Act, § 404(c), 132 Stat. at 5222)). Rather, "[s]uch a reduction 'is discretionary . . .

and a district judge may exercise that discretion to deny relief where

appropriate.'" *United States v. Moore*, 975 F.3d 84, 87 (2d Cir. 2020) (quoting *United*

*States v. Johnson*, 961 F.3d 181, 191 (2d Cir. 2020)). We thus review a denial on

discretionary grounds only for abuse of that discretion. *Id.* at 88. In so doing, we

accept the district court's factual findings as true absent clear error. *Id.* at 89.

When we review a district court's exercise of discretion in the sentencing

context, we scrutinize the procedural and substantive reasonableness of the court's

decision. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). If we

find significant procedural error, we typically remand without examining

substance. *Id.* at 190. But not always. If "the record indicates clearly that 'the

district court would have imposed the same sentence' in any event," then we may

deem the error harmless and affirm. *United States v. Jass*, 569 F.3d 47, 68 (2d

Cir. 2009) (quoting *Cavera*, 550 F.3d at 197).

The First Step Act is a "limited procedural vehicle." *Moore*, 975 F.3d at 92.

As a result, in assessing motions brought under that act, district courts need not

perform "*de novo* Guidelines calculations," *id.*, nor must they consider "new

4

Guidelines provisions," *id.* at 90. Instead, the First Step Act requires only that district courts "take into account Guidelines range changes that result *directly* from the retroactive application of Sections 2 and 3" of the Fair Sentencing Act. *Id.* at 91 (emphasis added). Of course, that does not mean that a district court *cannot* consider additional factors. But it is left to the district court's discretion "what [other] factors are relevant as it determines whether and to what extent to reduce a sentence." *Id.* at 92 n.36.

Alleging procedural error, Ortiz argues that the district court miscalculated his Guidelines range as "121 to 151 months" or "151 to 188 months." Ortiz Br. at 37. He claims his correct Guidelines range was 87 to 108 months and urges us to remand because the district court failed to identify that anchoring figure.

For two reasons, we decline to do so. First, we disagree with Ortiz that the district court thought his Guidelines range was 121 to 151 or 151 to 188 months. Those ranges were simply hypothetical calculations that the district court used to explain how certain facts – such as Ortiz's later conviction for possessing a firearm, *see* 18 U.S.C. § 924(c), and the drug weight attributable to him – impacted its discretionary decision to deny Ortiz relief. Indeed, in discussing those two ranges, the district court was careful to use conditional language so as to denote its

5

analysis as hypothetical: "*If* the later conviction had been entered prior to Ortiz's sentencing in [this] case, he *would* have had an additional three criminal history points and his criminal history category *would* have been III." App'x at 42 (emphasis added). Even if such hypothetical discussion can sow confusion about what Guidelines range the district court thought to be appropriate, that is not this case. Here, the hypothetical was appropriately part of the court's discretionary analysis, *see Moore*, 975 F.3d at 92 n.36, and we identify no error that requires us to vacate the district court's decision.[1]

Second, Ortiz is incorrect that his Guidelines range was 87 to 108 months for purposes of his First Step Act motion. As we recently held in *Moore*, in considering such a motion, a district court must only "take into account Guidelines range changes that result *directly* from the retroactive application of Sections 2 and 3" of the Fair Sentencing Act. *Id.* at 91 (emphasis added). In Ortiz's case, while Sections 2 and 3 of the Fair Sentencing Act reduced his mandatory minimum

---

[1] Ortiz also argues that the district court should have applied the rule of lenity when it calculated his drug weight. But the rule of lenity applies to ambiguous statutory text, not uncertain facts. *See United States v. Simpson*, 319 F.3d 81, 87 (2d Cir. 2002) ("[I]n order for the rule of lenity to apply to . . . a Guideline . . . the provision of law at issue must be ambiguous."). Ortiz's drug weight is factual, so lenity does not apply. And given that the presentence investigation report linked Ortiz to sales and negotiations collectively involving more than 360 grams of crack cocaine – to which Ortiz did not object – we see no clear error with the district court's finding that Ortiz was responsible for sales of at least 280 grams of crack cocaine.

sentence from ten years to five, they did not otherwise affect his original Guidelines range, which was 168 to 210 months. And while Ortiz insists that the retroactive amendments to the Guidelines themselves would now put his sentencing range at 87 to 108 months, *Moore* already decided that such changes do not flow directly from Sections 2 and 3 and are therefore not part of a First Step Act Guidelines calculation.[2] *Id.* at 90 (determining that a district court is not required to "recalculate a defendant's Guidelines range to account for . . new Guidelines provisions"). So, for purposes of this motion, Ortiz's Guidelines range was still 168 to 210 months, and the only change from his original sentencing was that his mandatory minimum was now only 5 years.

Of course, the district court exercised its discretion to deny Ortiz's motion without making explicit findings on the record as to Ortiz's applicable Guidelines range. We need not decide if that was procedural error because, even assuming that it was, the error was harmless. In this case, any possible miscalculation of the

---

[2] Indeed, had Congress intended for such changes to be a necessary component of a First Step Act resentencing, it could have required courts to consider the effects of Sections 2, 3, *and* 8 of the Fair Sentencing Act, the last of which directed the U.S. Sentencing Commission to promulgate new guidelines or policy statements in light of the statute's changes. *See* Fair Sentencing Act, § 8, 124 Stat. at 2374.

applicable Guidelines – whether 151–188, 121–151, or 87–108 – would have *benefited* Ortiz, not harmed him.

More importantly, the record is clear that "the district court would have imposed the same sentence in any event," *Jass*, 569 F.3d at 68, making any error doubly harmless. As we noted above, Ortiz made two prior motions for a reduction in his sentence in light of retroactive Guidelines amendments. Unlike the present motion, those requests were made under § 3582(c)(2),[3] which required the district court to recalculate Ortiz's Guidelines range, taking into account the intervening amendments. *See* 18 U.S.C. § 3582(c)(2) (requiring courts to consider "applicable policy statements issued by the Sentencing Commission"); U.S.S.G. § 1B1.10(b)(1) (directing that "the court shall determine the amended guideline range that would have been applicable to the defendant"). But even then, when Ortiz's applicable Guideline range fell between 120 and 135 months, the district court refused to grant Ortiz a reduced sentence. It is unsurprising, then, that this latest motion, with an applicable Guidelines range more than 40 months higher than Ortiz's two unsuccessful motions, would also fail. We are thus confident that

---

[3] First Step Act motions fall under § 3582(c)(1)(B). *See Holloway*, 956 F.3d at 667.

any error was harmless because the "record indicates clearly" that the district court would have rejected Ortiz's motion "in any event." *Jass*, 569 F.3d at 68.

In addition to arguing that the district court's Guidelines calculation constituted procedural error, Ortiz also contends that the district court's refusal to reduce its previously imposed sentence of 168 months was substantively unreasonable. We disagree. Not only was Ortiz's sentence within the Guidelines range applicable to his motion, but the district court detailed multiple factors – Ortiz's later gun conviction, the actual amount of narcotics for which he was responsible, and his poor disciplinary record while incarcerated – that cut against any discretionary reduction. By any metric, then, the denial was well "within the range of permissible decisions." *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009) (internal quotation marks omitted).

We have considered Ortiz's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9