07-2068-ag(L), 08-1942-ag(CON); 08-1112-ag
*Alsol v. Mukasey*; *Powell v. Mukasey*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————

August Term, 2008

(Argued: September 24, 2008          Decided: November 14, 2008)

Docket Nos. 07-2068-ag(L), 08-1942-ag(CON), 08-1112-ag
(consolidated for disposition)

————————

KAREN NICOLA ALSOL,

*Petitioner*,

—v.—

MICHAEL B. MUKASEY, UNITED STATES ATTORNEY GENERAL,

*Respondent*,

————————

*consolidated for disposition with*

————————

DONALD OVERTON POWELL,

*Petitioner*,

—v.—

MICHAEL B. MUKASEY, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

————————

B e f o r e :

CALABRESI, STRAUB, AND RAGGI, *Circuit Judges*.

————————

Petitions for review of orders of the Board of Immigration Appeals

sustaining the Department of Homeland Security's appeals and vacating the decisions of Immigration Judges granting petitioners' applications for cancellation of removal upon finding that petitioners' second state convictions for possession of a controlled substance were aggravated felonies because those offenses could have been charged in federal court as recidivist possession. We hold that a second conviction for simple controlled substance possession under state law is not a felony under the Controlled Substances Act because the offense of conviction does not proscribe conduct punishable as a felony as it does not correspond in any meaningful way with the federal crime of recidivist possession even if it could have been prosecuted in state court as a recidivist offense. We further clarify that our decision in *United States v. Simpson*, 319 F.3d 81 (2d Cir. 2002), did not hold to the contrary.

PETITIONS GRANTED; VACATED AND REMANDED.

_____

TORI T. KIM, Wilmer Cutler Pickering Hale and Dorr LLP (Christopher J. Meade, *on the brief*), New York, NY, *for Petitioner Alsol*.

ALINA DAS, Immigrant Rights Clinic, Washington Square Legal Services, Inc., (Nancy Morawetz, *on the brief*), New York, NY, *for Petitioner Powell*.

Sameer M. Ashar Supervising Attorney, Andrea Siebert-Llera, Legal Intern, Ron Cerreta, Legal Intern, Main Street Legal Services, Inc., City University of New York School of Law, Flushing, NY, *on the brief, formerly for Petitioner Powell.*

MONICA G. ANTOUN, Trial Attorney (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Gregory G. Katsas, Assistant Attorney General, Francis W. Fraser, Senior Litigation Counsel, *on the brief*), Office of Immigration

Litigation, Civil Division, U.S. Department of Justice, Washington, DC, *for Respondent in 07-2068-ag(L) and 08-1942-ag(CON)*.

ERICA B. MILES, Attorney (Gregory G. Katsas, Assistant Attorney General, Linda S. Wernery, Assistant Director, *on the brief*), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, *for Respondent in 08-1112-ag*.

Joanne Macri, Director, Manuel D. Vargas, Senior Counsel, New York, NY, *for Amicus Curiae New York State Defenders Association, Immigrant Defense Project*.

_____

STRAUB, *Circuit Judge*:

In these cases, which we heard in tandem and now consolidate for disposition, Petitioners Karen Nicola Alsol and Donald Overton Powell seek review of decisions of the Board of Immigration Appeals ("BIA") vacating decisions by an Immigration Judge ("IJ") granting them cancellation of removal. In 07-2068-ag(L) and 08-1942-ag(CON), Petitioner Alsol appeals from orders of the BIA (1) sustaining the Department of Homeland Security's ("DHS") appeal and vacating the October 31, 2006 decision of IJ Alan A. Vomacka granting her application for cancellation of removal, *In re Karen Nicola Alsol, aka Karen N. Alsol*, No. A43 732 327 (B.I.A. Apr. 16, 2007), *vacating* No. A43 732 327 (Immig. Ct. N.Y. City Oct. 31, 2006), and (2) denying her motion to reopen or reconsider, *In re Karen Nicola Alsol, aka Karen N. Alsol*, No. A43 732 327 (B.I.A. Mar. 25, 2008). Petitioner Powell appeals from a BIA decision sustaining the DHS's appeal from IJ Noel Ann Brennan's order granting cancellation of removal. *In re Donald Overton Powell*, No. A17 560 142 (B.I.A. Feb. 25, 2008),

3

*vacating* No. A17 560 142 (Immig. Ct. N.Y. City Oct. 29, 2004). We grant the petitions for review, vacate the decisions below, and remand for proceedings consistent with this opinion.

## BACKGROUND

The issue in these cases is whether a second conviction for simple drug possession under state law is a felony under the Controlled Substances Act ("CSA") because it *could have been* prosecuted as a recidivist offense under 21 U.S.C. § 844(a). We hold that it is not. We further clarify that our sentencing decision in *United States v. Simpson*, 319 F.3d 81 (2d Cir. 2002), does not foreclose this holding.

### I.    *Karen Nicola Alsol*

On September 5, 2002, Alsol pled guilty to one count of criminal possession of a controlled substance in the seventh degree in violation of New York Penal Law § 220.03 for possession of a controlled substance. She was sentenced to three days imprisonment. On February 27, 2003, Alsol again pled guilty to one count of criminal possession of a controlled substance in the seventh degree; she was sentenced to five days imprisonment. Three years later, on July 18, 2006, DHS took Alsol into custody and placed her in removal proceedings. In front of the IJ, Alsol conceded that she was removable under 8 U.S.C. § 1227(a)(2)(B)(I) for having been convicted of a crime relating to a controlled substance. However, she did not concede she was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for an aggravated felony conviction and applied for

4

cancellation of removal under 8 U.S.C. § 1229b(a). On October 31, 2006, IJ Vomacka found that Alsol's second possession conviction was not an aggravated felony and that she was eligible for cancellation of removal, relying on *In re Elgendi*, 23 I. & N. Dec. 515 (B.I.A. 2002). Upon finding that Alsol warranted a favorable exercise of discretion, the IJ granted her application for cancellation of removal.

On December 5, 2006, the U.S. Supreme Court decided *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), holding that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Id.* at 633. At the same time, in a footnote, the Court noted:

> Those state possession crimes that correspond to felony violations of one of the three statutes enumerated in § 924(c)(2), such as . . . recidivist possession, *see* 21 U.S.C. § 844(a), clearly fall within the definitions used by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2), regardless of whether these federal possession felonies or their state counterparts constitute "illicit trafficking in a controlled substance" or "drug trafficking" as those terms are used in ordinary speech.

*Id.* at 630 n.6.

On April 16, 2007, in a divided decision, the BIA sustained DHS's appeal in Alsol's case, vacated the IJ's decision, found Alsol to be ineligible for cancellation of removal, and ordered Alsol removed to Jamaica. The BIA based its decision on *Lopez* and our decision in *United States v. Simpson*, 319 F.3d 81

5

(2d Cir. 2002).[1]  On May 15, 2007, Alsol, proceeding *pro se* and still in detention, filed a petition for review with this Court.  At the same time, Alsol filed a motion to reopen and reconsider with the BIA, also *pro se*, arguing that her first conviction was not final at the time of her second conviction and that the IJ's decision should be affirmed.

On December 13, 2007, the BIA decided *In re Carachuri-Rosendo*, 24 I. & N. Dec. 382 (B.I.A. 2007) (en banc), *appeal docketed*, *Carachuri-Rosendo v. Mukasey*, No. 07-61006 (5th Cir. Dec. 24, 2007), and *In re Thomas*, 24 I. & N. Dec. 416 (B.I.A. 2007).  The BIA held that, absent countervailing circuit precedent, a second drug possession conviction was not an aggravated felony unless the petitioner's "status as a recidivist drug offender was either admitted . . . or determined by a judge or jury in connection with a prosecution for [the second] offense."  *Carachuri-Rosendo*, 24 I. & N. Dec. at 394; *accord Thomas*, 24 I. & N. Dec. at 421.  Thus, a second drug possession offense could not be equated to a federal felony under the CSA unless it "corresponds in a meaningful way to the essential requirements that must be met before a felony sentence can be imposed

---

[1] In *Simpson*, the appellant had been convicted three times for selling marijuana and once for possessing marijuana in 1992 and 1993, all misdemeanors under New York law.  In the process of deciding that the District Court correctly chose the higher of two applicable enhancements under the Guidelines, we noted that the District Court correctly found Simpson's convictions for the sale of marijuana to be aggravated felonies within the meaning of 18 U.S.C. § 924(c)(2) because, under the Controlled Substances Act ("CSA"), those crimes were treated as felonies.  *See* 319 F.3d at 85.  We also went on to note that Simpson's marijuana possession conviction was "an aggravated felony within the meaning of the Guidelines," citing the recidivist possession statute.  *Id.* At 86.  However, "[w]e offer[ed] no comment on whether such convictions constitute 'aggravated felonies' for any purpose other than the [Sentencing] Guidelines."  *Id.* at 86 n.7.

6

under Federal law on the basis of recidivism." *Carachuri-Rosendo*, 24 I. & N. Dec. at 390.

On March 25, 2008, the BIA denied Alsol's motion to reopen and reconsider, finding principally that despite its decision in *Carachuri-Rosendo*, 24 I. & N. Dec. 382, our decision in *Simpson*, 319 F.3d 81, represented countervailing circuit precedent barring application of the *Carachuri-Rosendo* rule. On April 23, 2008, Alsol, through counsel, petitioned for review of the denial of her motion to reopen and reconsider; we consolidated Alsol's two petitions for review.

## II.     *Donald Overton Powell*

On July 3, 1997, Powell pled guilty to seventh degree criminal possession of a controlled substance in violation of New York Penal Law § 220.03, a misdemeanor. He was sentenced to six months' imprisonment. On January 8, 2001, Powell again pled guilty to seventh degree criminal possession of a controlled substance in violation of § 220.03. He was given a conditional discharge and sentenced to two days' community service. On October 29, 2004, IJ Brennan granted Powell cancellation of removal after finding that *Simpson* was not binding, Powell was not charged by the New York State courts as a recidivist, and that Powell's conviction was not "analogous to a Federal felony, because his status as a recidivist was not actually litigated in the state prosecution for simple possession." DHS appealed. On October 20, 2006, the BIA sustained DHS's appeal and ordered Powell removed. Powell petitioned for review, but the parties

7

stipulated to withdraw the petition and remand the case to the BIA for reconsideration in light of *Lopez*. After it decided *Carachuri-Rosendo* and *Thomas*, the BIA again sustained the DHS's appeal in *Powell* pursuant to *Lopez* and *Simpson*. On March 7, 2008, Powell filed a timely petition for review with this Court.

**DISCUSSION**

The dispositive question on appeal is whether Alsol's and Powell's second simple possession convictions constitute aggravated felonies under the Immigration and Nationality Act ("INA"). We hold that a second conviction for simple drug possession under state law is not a felony under the Controlled Substances Act simply because it *could have been* prosecuted as a recidivist offense under 21 U.S.C. § 844(a). We also clarify that our decision in *United States v. Simpson*, 319 F.3d 81 (2d Cir. 2002), did not resolve the question in this appeal and that we are not constrained by its observations on the matter. We need not reach the other issues raised on appeal.

**I.      Jurisdiction and Standard of Review**

We lack jurisdiction to review any final order of removal against an alien who is deemed deportable by way of conviction for an aggravated felony, except for constitutional claims and questions of law. 8 U.S.C. §§ 1252(a)(2)(C); 1252(a)(2)(D). Thus, we retain jurisdiction to decide the question of law regarding *whether* this jurisdictional bar applies, i.e., whether petitioners' convictions were in fact aggravated felonies. *See, e.g.*, *Gertsenshteyn v. U.S.*

8

*Dep't of Justice*, 544 F.3d 137, 142 (2d Cir. 2008). In general, we defer to the BIA's interpretation of the immigration laws, but when the BIA interprets state or federal laws, as in this case, we review its interpretation *de novo*. *See id.* at 143.

**II.      Statutory Framework**

An alien is ineligible for cancellation of removal if she has been "convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3). The INA provides, in relevant part, that "[t]he term 'aggravated felony' means . . . illicit trafficking in a controlled substance . . . , including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). A "drug trafficking crime," then, is defined in relevant part as "any felony punishable under the Controlled Substances Act (21 U.S.C. [§] 801 et seq.)." 18 U.S.C. § 924(c)(2). Under the CSA, a "felony" is an offense for which "the maximum term of imprisonment authorized" exceeds one year. 18 U.S.C. § 3559(a).

In *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), the Supreme Court held that a state drug offense is analogous to a "felony punishable under the [CSA]" as required by § 924(c)(2), "only if it proscribes conduct punishable as a felony under that federal law." *Id.* at 633. The CSA, absent certain exceptions not relevant here, makes it "unlawful for any person knowingly or intentionally to possess a controlled substance." 21 U.S.C. § 844(a). The maximum term of imprisonment authorized for this offense is "not more than 1 year." *Id.* Therefore, a conviction for simple possession of a controlled substance under state law would be punishable as a federal misdemeanor and could not be a "drug

9

trafficking crime" under the CSA nor, in turn, an "aggravated felony" under the INA.[2]

However, if a person commits a possession offense "*after . . . a prior conviction* for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for . . . *not more than 2 years*." 21 U.S.C. § 844(a) (emphases added). Under this recidivist provision, simple drug possession can be charged as a federal felony if it was committed after a prior, final, drug conviction. Importantly, the increased sentence is not automatically available:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, *unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.*

21 U.S.C. § 851(a)(1) (emphasis added). If the government files the required information, the court, prior to sentencing, must inquire whether the defendant "affirms or denies that he has been previously convicted as alleged in the information." *Id.* § 851(b). If a defendant does not admit his prior conviction, the government must prove the existence of the prior conviction beyond a reasonable doubt, *id.* § 851(c)(1), and a defendant has a limited right to collaterally attack the

---

[2] The CSA makes possession of more than five grams of a substance containing cocaine base and possession of flunitrazepam felony offenses, 21 U.S.C. § 844(a), but those offenses are not at issue here.

10

validity of his prior conviction, *id.* § 851(c)(2).[3]

The issue before us is whether a *second* simple state controlled substance possession misdemeanor conviction constitutes a felony punishable under the CSA because it *could have been* prosecuted as a recidivist offense under 21 U.S.C. § 844(a).

**III. *Lopez v. Gonzales*, 127 S. Ct. 625 (2006)**

In *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), the Supreme Court resolved a circuit split regarding whether a state controlled substances conviction that is classified as a felony by the state but only as a misdemeanor under the CSA was an "aggravated felony" pursuant to 8 U.S.C. § 1101(a)(43)(B). Several circuit courts had held that a state conviction constitutes an aggravated felony if it is (1) punishable under the CSA and (2) is a "felony under either state or federal law." *See, e.g., Lopez v. Gonzales*, 417 F.3d 934, 937 (8th Cir. 2005), *rev'd*, 127 S. Ct. 625 (2006). The Court rejected this rationale, holding that whether the state classifies the offense as a felony is irrelevant. Instead, "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct *punishable as a felony under that federal law*." *Lopez*, 127 S. Ct. at 633 (2006) (emphasis added). This has become known as the "hypothetical federal felony approach." In rejecting the approach that would allow a simple possession

---

[3] Similarly, under New York law, an enhancement for a second possession offense is not automatically available. A second felony drug offender is subject to certain minimum sentences based on the underlying felony, *see* New York Penal Law §§ 70.70(3)-(4), but this enhancement requires that the defendant be afforded various procedural safeguards similar to those outlined by 21 U.S.C. § 851, *see* New York Criminal Procedural Law § 400.21 (outlining procedure).

11

offense to qualify as a "drug trafficking crime" simply because the state chose to classify it as a felony, the Supreme Court noted "its incoherence with any commonsense conception of 'illicit trafficking,' the term ultimately being defined." *Id.* at 629-30. The Court reasoned that, because the statute did not define the term, the everyday understanding of trafficking should hold, and the ordinary understanding of trafficking did not connote simple possession. *Id.* at 630.

**IV. *In re Carachuri-Rosendo*, 24 I. & N. Dec. 382 (B.I.A. 2007) (en banc)**

In December 2007, after *Lopez*, the BIA held that a *second* drug possession conviction is not an aggravated felony conviction "unless the alien's status as a recidivist drug offender was either admitted by the alien or determined by a judge or jury in connection with a prosecution for [the second] offense." *In re Carachuri-Rosendo*, 24 I. & N. Dec. 382, 394 (B.I.A. 2007) (en banc), *appeal docketed*, *Carachuri-Rosendo v. Mukasey*, No. 07-61006 (5th Cir. Dec. 24, 2007); *accord In re Thomas*, 24 I. & N. Dec. 416, 421 (B.I.A. 2007). The BIA held that a second drug possession offense is not punishable as a federal felony, as required by *Lopez*, unless it "corresponds in a meaningful way to the essential requirements that must be met before a felony sentence can be imposed under Federal law on the basis of recidivism." *Carachuri-Rosendo*, 24 I. & N. Dec. at 390. In light of 21 U.S.C. § 851, the BIA held that meaningful correspondence requires that "the State successfully sought to impose punishment for a recidivist drug conviction."

12

*Id.* at 391.[4]

The BIA acknowledged that its interpretation of criminal statutes (as opposed to the INA) is "not entitled to deference" by the courts. *Carachuri-Rosendo*, 24 I. & N. Dec. at 385; *see also Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 143 (2d Cir. 2008). Therefore, the BIA held that it would apply the *Carachuri-Rosendo* rule only absent controlling countervailing circuit precedent. *See Carachuri-Rosendo*, 24 I. & N. Dec. at 391; *accord Thomas*, 24 I. & N. Dec. at 421. In *Carachuri-Rosendo*, the BIA found that under controlling Fifth Circuit precedent a second possession offense is considered a felony under federal law if it "'could have been punished under § 844(a).'" *Carachuri-Rosendo*, 24 I. & N. Dec. at 386 (quoting *United States v. Sanchez-Villalobos*, 412 F.3d 572, 577 (5th Cir. 2005), *cert. denied*, 546 U.S. 1137 (2006)). While noting that "*Lopez* points strongly toward a different construction of the statute," and that *Lopez* "may require a reexamination of prior circuit law," the BIA concluded that "it [was] not for this Board to declare that Fifth Circuit precedent has been implicitly overruled by the Supreme Court." *Id.* at 387-88.

The BIA then applied the *Carachuri-Rosendo* rule in a separate case, holding that petitioner's second possession offense did not correspond to "the Federal felony of 'recidivist possession.'" *Thomas*, 24 I. & N. Dec. at 421.

---

[4] Apparently, DHS conceded that "that a conviction arising in a State that has drug-specific recidivism laws cannot be deemed a State-law counterpart to 'recidivist possession' unless the State actually used those laws to prosecute the respondent." *Carachuri-Rosendo*, 24 I. & N. Dec. at 391.

13

> [B]ecause [Thomas's] marijuana possession conviction did not result from a State proceeding in which his status as a recidivist drug offender was either admitted or determined by a judge or jury, . . . [it did] not qualify as a conviction for a "drug trafficking crime" under 18 U.S.C. § 924(c)(2) or an "aggravated felony" under section 101(a)(43)(B) of the [INA], absent controlling [circuit] precedent to the contrary."

*Id.* at 421-22.

**V.  Circuit Split**

As the BIA recognized, *see In re Carachuri-Rosendo*, 24 I. & N. Dec. 382, 385-86 (B.I.A. 2007) (en banc), *appeal docketed*, *Carachuri-Rosendo v. Mukasey*, No. 07-61006 (5th Cir. Dec. 24, 2007), our sister circuits have split on whether a second simple possession conviction is an offense punishable as a recidivist offense under 21 U.S.C. § 844(a), thus making it an aggravated felony for immigration purposes.  The First, Third, and Sixth Circuits agree that such a conviction does not automatically qualify as the federal felony of recidivist possession.[5]  *See Berhe v. Gonzales*, 464 F.3d 74, 85-86 (1st Cir. 2006); *Steele v. Blackman*, 236 F.3d 130, 137-38 (3d Cir. 2001); *Rashid v. Mukasey*, 531 F.3d 438, 442-48 (6th Cir. 2008).  In *Rashid*, the most recent of these, the Sixth Circuit explained that "[t]he ultimate problem" with the government's argument that two

---

[5] Prior to *Lopez*, the Ninth Circuit also did not count a subsequent possession offense as an aggravated felony, but had a unique way of arriving at this conclusion.  The Ninth Circuit held that an adjudicator cannot consider recidivist sentencing enhancements *at all* when seeking to determine whether a state offense constitutes an aggravated felony.  *See Ferreira v. Ashcroft*, 382 F.3d 1045, 1050 (9th Cir. 2004).  The Supreme Court has now reversed the Ninth Circuit on this front in its interpretation of the Armed Career Criminal Act, holding that the term "maximum term of imprisonment . . . prescribed by law" includes any recidivist enhancements.  *United States v. Rodriquez*, 128 S. Ct. 1783, 1787-93 (2008).

14

state misdemeanor convictions for marijuana possession morph into an "aggravated felony" is that the approach adds a "hypothetical to a hypothetical." 531 F.3d at 445 (internal quotation marks omitted). The Sixth Circuit held that:

> The first and only hypothetical that should be considered under the "hypothetical federal felony approach" is whether the crime that an individual was *actually convicted of* would be a felony under federal law. But by looking to facts not at issue in the crime of conviction in order to determine whether an individual *could have been charged* with a federal felony, our sister circuits, the IJ, and the BIA have considered an impermissible second hypothetical. We conclude that inclusion of the word "hypothetical" in the "hypothetical federal felony" approach does not provide the government with free reign to make ex-post determinations of what federal crimes an individual could hypothetically have been charged with where, as here, a prior drug-possession conviction was not at issue in the prosecution of the subsequent drug-possession offense.

*Id.* at 445 (citation omitted). *See also Fernandez v. Mukasey*, Nos. 06-3476, 06-3987, 06-3994, __ F.3d __, 2008 WL 4193005, at *12 (7th Cir. Sept. 15, 2008) (Rovner, J., dissenting) (noting that use of the term "hypothetical" in the "hypothetical federal felony approach" does not "allow an immigration court to determine that conduct for which a defendant was never charged and never convicted would have been a felony if the government had, hypothetically, prosecuted the defendant under federal law.").

On the other hand, the Fifth and Seventh Circuits have held in the sentencing context, where a conviction for an "aggravated felony," which is defined the same way as it is under the INA, *see* U.S.S.G. § 2L1.2 cmt. n.3(A), may result in an eight-level enhancement, *see* U.S.S.G. § 2L1.2(b)(1)(C), that a

15

second simple possession offense can be considered a federal felony because it could have been prosecuted as a recidivist offense under 21 U.S.C. § 844(a). *See United States v. Cepeda-Rios*, 530 F.3d 333, 334-36 (5th Cir. 2008) (per curiam) (following *United States v. Sanchez-Villalobos*, 412 F.3d 572, 577 (5th Cir. 2005)); *United States v. Pacheco-Diaz*, 506 F.3d 545, 548-50 (7th Cir. 2007), *reh'g denied*, 513 F.3d 776, 778-79 (7th Cir. 2008) (per curiam). Recently, over a dissent, the Seventh Circuit found *Pacheco-Diaz*'s reasoning to be controlling in the immigration context and reaffirmed its disagreement with the BIA's interpretation in *Carachuri-Rosendo*. *Fernandez*, __ F.3d __, 2008 WL 4193005, at *3-7. The court held that "[t]he question is whether the petitioners would have been subject to the increased penalty for having committed a prior drug offense had they been charged in federal court." *Id.* at *8. Finding that recidivist charges could have been brought, the court found that petitioner had committed an aggravated felony. *Id.*

**VI. Analysis**

**A.    "Aggravated Felony"**

We now join the First, Third, and Sixth Circuits in holding that a second simple drug possession conviction is not an "aggravated felony" as that term is defined in 8 U.S.C. § 1101(a)(43)(B). As noted, under *Lopez*, "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct *punishable* as a felony under that federal law." 127 S. Ct. 625, 633 (2006). *Lopez*, however, does not stand for the proposition that a state

16

offense is a felony punishable under the CSA if it could have been charged as a recidivist state offense that would then be punishable as a federal felony; rather, *Lopez* stands for the proposition that a state *offense of conviction that is punishable as a federal felony is an aggravated felony.*[6]

As we recently emphasized, "the INA premises removability not on what an alien has done, or may have done, or is likely to do in the future (tempting as it may be to consider those factors), but on what he or she has been formally *convicted* of in a court of law." *Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 145 (2d Cir. 2008); *see also Rashid v. Mukasey*, 531 F.3d 438, 445 (6th Cir. 2008); *Dulal-Whiteway v. U.S. Dep't of Homeland Sec.*, 501 F.3d 116, 125 (2d Cir. 2007) (The INA renders "removable an alien who has been *convicted* of an aggravated felony, not one who has *committed* an aggravated felony.") (emphases

---

[6] In *Lopez*, the Court noted that although it is counterintuitive to define simple possession as "drug trafficking," certain "state possession crimes that correspond to felony violations of [the CSA], such as . . . recidivist possession, *see* 21 U.S.C. § 844(a), clearly fall within the definitions used by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2)." *Lopez*, 127 S. Ct. at 630 n.6. However, the fact that *some* state offenses may correspond with a "recidivist possession" offense does not resolve the issue in this case. *See United States v. Pacheco-Diaz*, 513 F.3d 776, 779 ("[T]he footnote is elliptical and dictum to boot."). Footnote six in *Lopez* indicates that a conviction for a state possession crime that corresponds to felony recidivist possession falls within the definition of an aggravated felony despite the absence of trafficking, but it does not "inexorably dictate" that two state misdemeanor possession convictions *automatically* qualify as the aggravated felony of recidivist possession under federal law. *Rashid*, 531 F.3d at 445; *see also Carachuri-Rosendo*, 24 I. & N. Dec. at 390 ("[A]ll that can reasonably be discerned from this footnote is that 21 U.S.C. § 844(a) defines 'recidivist possession' as 'an offense,' constituting a 'felony violation' of the Federal drug laws, that 'corresponds' to *some* 'state possession crimes.'" (quoting *Lopez*, 127 S. Ct. at 630 n.6) (emphasis added)).

17

added and internal quotation marks omitted). The requirement that an alien be *convicted* of a removable offense before suffering the consequences under immigration law is precisely what *Lopez* requires. Under *Lopez*, an offense that *could* have been *prosecuted* -- not necessarily resulting in conviction -- as a recidivist offense is not an offense punishable as a federal felony. The INA and *Lopez* require an actual conviction for an offense that proscribes conduct that is punishable as a federal felony, not a conviction that *could* have been obtained *if* it had been prosecuted. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) (rendering deportable an alien who has been "convicted of an aggravated felony"); 8 U.S.C. § 1229b(a)(3) (stating that the Attorney General may cancel removal if, inter alia, the alien "has not been convicted of any aggravated felony").

In *Lopez*, the Supreme Court noted that some state penal codes "graduate drug possession offenses from misdemeanor to felony depending on quantity," while federal law did not, treating "possession alone as a misdemeanor whatever the amount." *Lopez*, 127 S. Ct. at 633. However, possession with intent to distribute could be a federal felony when the amount is large. *Id.* Thus, an alien who was convicted of a state felony for possession of large quantities of drugs might "escape the aggravated felony designation simply for want of a federal felony defined as possessing a substantial amount." *Id.* The Supreme Court recognized that unless the underlying state *conviction* included reference to the alien's intent to distribute, a state-law felony for possession of a large amount of drugs could not qualify him as an aggravated felon, even if that charge could have

18

been prosecuted as the federal felony of "possession with intent to distribute."

Our "categorical approach" supports the holding that an actual conviction is needed. Under the categorical approach, when determining whether an alien is removable, we "look to the elements and the nature of the [state] offense of conviction, rather than to the particular facts relating to [the] petitioner's crime." *Dulal-Whiteway*, 501 F.3d at 121 (citation and internal quotation marks omitted). An alien is not removable unless the minimum criminal conduct necessary to sustain a conviction under the state statute in question amounts to a removable offense. *See id.*; *see also Gertsenshteyn*, 544 F.3d at 143. The categorical approach was adopted to ensure that the government is held to its burden to prove "the existence of a qualifying *conviction*." *Id.* at 146. The "whole basis" for the categorical approach "is that what the alien was convicted of determines whether the felony is an aggravated one and not (unless it is needed to convict) the particular manner in which the crime was committed." *Id.*

This case does not involve a simple application of the categorical approach, however, because, as the BIA recognized, while most offenses are defined by their elements, recidivist possession is "an amalgam of elements, substantive sentencing factors, and procedural safeguards." *Carachuri-Rosendo*, 24 I. & N. Dec. at 389. Thus, the Seventh Circuit found that because the recidivist enhancement available here is not an element of the crime,[7] a broad

---

[7] In reaching this conclusion, the Seventh Circuit relied on the Supreme Court's observation in *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998) that "Congress . . . has never, to our knowledge, made a defendant's

inquiry into the petitioner's underlying conduct is permitted. *See Fernandez v. Mukasey*, Nos. 06-3476, 06-3987, 06-3994, __ F.3d __, 2008 WL 4193005, at *7, *10 (7th Cir. Sept. 15, 2008). However, nothing in the applicable statutes or *Lopez* allows the BIA to abandon the requirement that petitioner's status as an aggravated felon be based on an actual *conviction* simply because the categorical approach may not easily fit this situation. This is why we part ways with the Seventh Circuit. The Seventh Circuit's decision, we believe, focuses improperly on "the *conduct* reflected in the state convictions, as opposed to the precise state crime charged." *Fernandez*, __ F.3d __, 2008 WL 4193005, at *5 (citation omitted).

The BIA concluded that, in order for a state misdemeanor offense to be treated as a recidivist offense and thus a federal felony under the CSA, the alien's "status as a recidivist drug possessor must have been admitted or determined by a

recidivism an element of an offense where the conduct proscribed is otherwise unlawful." There is some question as to whether *Almendarez-Torres* is still good law. *See Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000) ("[I]t is arguable that *Almendarez-Torres* was wrongly decided . . . ."). Nonetheless, the Supreme Court has not disturbed *Almendarez-Torres* since *Apprendi*, and has recently reaffirmed it. *James v. United States*, 127 S. Ct. 1586, 1600 n.8 (2007) (reaffirming *Almendarez-Torres*, and holding that "prior convictions need not be treated as an element of the offense for Sixth Amendment purposes").

However, the relevant statutes give the defendant a range of procedural safeguards, such as the right to a separate proceeding to litigate recidivism and the ability to raise certain collateral challenges, *see* 21 U.S.C. § 851, that arguably make the recidivist enhancement *more* than an element. The fact that a defendant is entitled to proof beyond a reasonable doubt suggests that recidivism might be analytically closer to an element of the offense than the Seventh Circuit suggests. Moreover, in this context, proof beyond a reasonable doubt is required by *statute* regardless of what the Sixth Amendment may require. *See* 21 U.S.C. § 851(c)(1).

20

court or jury *within the prosecution for the second drug crime.*" *Carachuri-Rosendo*, 24 I. & N. Dec. at 391 (emphasis added). We believe that the BIA's holding in *Carachuri-Rosendo* best serves the requirement that petitioner's status as an aggravated felon be based on an actual conviction. Under this approach, the focus is properly on the state conviction, not the circumstances of the underlying conduct. Though distinct, this is not inconsistent with our categorical approach, as they both serve the same end. The proper focus is on the conduct proscribed in the underlying conviction, not the general conduct reflected in the conviction.[8] Requiring that petitioner be actually convicted of an offense that is analogous to "recidivist possession" does not rely on the state's classification of the offense as a felony or misdemeanor. We simply hold that, in these particular and unique circumstances, whatever petitioner was convicted of under state law must correspond with the crime of recidivist possession under the CSA. As Judge Rovner explained, "petitioners . . . would have been subject to the increased penalty only if they had been charged as repeat offenders under 21 U.S.C. § 851. And that is a big 'if.' After all, they were not charged as repeat offenders in state court." *Fernandez*, __ F.3d __, 2008 WL 4193005, at *14 (Rovner, J., dissenting).

---

[8] The modified categorical approach makes a limited exception to this general rule, permitting reference to the record of conviction only when an alien is convicted under a statute that encompasses acts that both would and would not render him removable, for the limited purpose of determining whether he was convicted under the branch of the statute permitting removal. *See, e.g.*, *Gertsenshteyn*, 544 F.3d at 143. Thus, even under the modified categorical approach, the focus remains on the actual offense of *conviction*.

We note that the BIA's reasoning in *Carachuri-Rosendo* avoids several anomalies. Under the logic of the government's "would have" test, a federal *misdemeanor* would be considered a federal *felony* on the ground that the defendant could have been prosecuted as a recidivist. Similarly, a state possession conviction would be considered a federal recidivist felony even when the State explicitly elected not to pursue a recidivist conviction. Such outcomes would intrude on prosecutorial discretion to make charging decisions, specifically undermining the State's ability to negotiate plea agreements with defendants who would admit guilt to drug possession with the understanding that their criminal records would reflect misdemeanor and not felony convictions.

In addition, if one who was not convicted as a recidivist nonetheless faced removal as a recidivist, the IJ would have to determine, for the first time, that an alien was a recidivist. This is inappropriate not only because of the IJ's lack of expertise in the criminal law but also because the alien cannot challenge the validity of his prior conviction in the removal proceedings. *See Taylor v. United States*, 396 F.3d 1322, 1330 (11th Cir. 2005) (per curiam) ("[A]n alien may not collaterally attack a state court conviction in deportation proceedings or petitions for review of BIA decisions."); *cf. Abimbola v. Ashcroft*, 378 F.3d 173, 181 (2d Cir. 2004) ("Collateral attacks are not available in a habeas petition challenging the BIA's removal decision."), *cert. denied*, 546 U.S. 1036 (2005). The BIA itself has recognized "the problems in having a 'recidivist offense' be identified for the first time in removal proceedings." *Carachuri-Rosendo*, 24 I. & N. Dec. at 390.

22

Thus, we hold that the fact of recidivism must be reflected in the conviction the government seeks to classify as an aggravated felony, not merely in petitioner's underlying conduct. *See id.* at 391. Where, as here, petitioners were convicted of simple possession of a controlled substance and they did not either admit to their status as recidivists or have that status determined by a court or jury within the prosecution for the second possession offense, petitioners were not convicted of an aggravated felony.

**B.** ***United States v. Simpson*, 319 F.3d 81 (2d Cir. 2002)**

Finally, we now clarify that *Simpson*'s discussion of whether a simple possession conviction constitutes an aggravated felony because of a prior drug conviction was dictum, and that, contrary to the BIA's findings below, *Simpson* does not control in these proceedings.

At issue in *Simpson* was whether the District Court erred in imposing an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) for a defendant guilty of illegally reentering after being convicted of an aggravated felony, instead of the four-level enhancement under U.S.S.G. § 2L1.2(b)(1)(E) for a defendant with "three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses." *See Simpson*, 319 F.3d at 83. Prior to being deported, Simpson had been convicted three times of criminal sale of marijuana in the fourth degree, a misdemeanor under New York law, and once for possession of marijuana in the fourth degree, also a misdemeanor under New York law. *See id.* at 83-84. Three years later, Simpson illegally returned to the United States.

23

Simpson was arrested and pleaded guilty "to illegally reentering the United States as an aggravated felon," in violation of 8 U.S.C. §§ 1326(a), (b)(2). *Id.* at 82, 84. Simpson thus conceded that he had previously been convicted of an aggravated felony. He instead argued that the four-level enhancement under U.S.S.G. § 2L1.2(b)(1)(E) ought to apply instead of the eight-level enhancement given for an aggravated felony conviction under U.S.S.G. § 2L1.2(b)(1)(c). *Simpson*, 319 F.3d at 83, 85. He also argued for application of the rule of lenity because the Guidelines were ambiguous. *Id.* at 86.

We held that Simpson's argument was "without merit" because both sentence enhancements were applicable, and under the applicable Guideline it was clear that "the District Court was required to apply the higher of the two." *Id.* at 85, 87. In holding that Simpson qualified for the eight-level enhancement, we also explained that "under the CSA the sale of marijuana is a felony offense that carries a maximum term of five years' imprisonment . . . ." *Id.* at 85 (citing 21 U.S.C. § 841(b)(1)(D)). Accordingly, "each of Simpson's three prior convictions for Criminal Sale of Marijuana in the Fourth Degree under New York law were 'aggravated felonies' for purposes of sentencing under the Guidelines because, under the CSA, all three are punishable as felonies." *Id.* We further observed that Simpson's conviction for marijuana possession also qualified as "an aggravated felony within the meaning of the Guidelines, because that offense would have been punishable as a felony under the CSA" in light of Simpson's prior drug convictions. *Id.* at 85-86 (citing 21 U.S.C. § 844(a)).

24

Contrary to the BIA's interpretation, this discussion of whether the simple possession conviction constitutes an aggravated felony because of prior drug convictions was dictum. The issue in *Simpson* was not whether Simpson had been convicted of an aggravated felony; indeed, Simpson pleaded guilty to illegal reentry as an aggravated felon. What we confronted in *Simpson* was whether the District Court erred in applying the greater of two applicable enhancements under U.S.S.G. § 2L1.2(b)(1), whether the rule of lenity applies to the Guidelines, and if so, whether the rule of lenity should have been applied under the circumstances presented. The discussion of recidivist possession was not necessary to the analysis because Simpson admitted he was an aggravated felon and the three marijuana-sale convictions by themselves rendered the eight-level enhancement for an aggravated felony applicable three times over. Thus, the discussion of Simpson's possession conviction was not necessary to our holding and dictum.[9] *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 106 n.19 (2d Cir. 2004), *cert. denied*, 543 U.S. 1080 (2005); *see also* Pierre N. Leval, *Judging Under the Constitution: Dicta about Dicta*, 81 N.Y.U. L. REV. 1249, 1257 (2006) (explaining that a proposition that has no "functional role in compelling the judgment" is superfluous and dicta, and noting that if we "accept dictum uttered in

---

[9] We note that we expressly limited our opinion in *Simpson* to the sentencing context. *See Simpson*, 319 F.3d at 86 & n.7. We need not decide whether, as the BIA reasoned, "aggravated felony" must have the same meaning in immigration cases as it has in sentencing because, for the reasons stated above, the relevant portion of *Simpson* is dictum. Moreover, we express no view as to how a district court, mindful that the Guidelines are now advisory rather than mandatory, may factor past criminal conduct not leading to a recidivist felony conviction into a sentencing determination.

25

a previous opinion as if it were binding law, which governs our subsequent adjudication . . . we fail to discharge our responsibility to deliberate on and decide the question which needs to be decided").

## CONCLUSION

We hold that a second simple drug possession conviction is not an aggravated felony for immigration purposes and that *Simpson*'s observation on recidivism does not control the issue. The petitions for review are GRANTED, the decisions of the BIA are VACATED, and these cases are REMANDED for proceedings consistent with this opinion.