**Conrad O'Neill MINTO, Petitioner,**

**v.**

**Michael B. MUKASEY,\* Respondent.**

**No. 05–0007–ag.**

United States Court of Appeals,
Second Circuit.

Dec. 5, 2008.

Stephen K. Tills, Orchard Park, NY, for Respondent.

Blair T. O'Connor, Assistant Director, Office of Immigration Litigation, Civil Division, (Gregory Katsas, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, on the brief) U.S. Department of Justice, Washington, D.C., for Appellee.

Present JOSÉ A. CABRANES, CHESTER J. STRAUB and ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

Petitioner, Conrad O'Neil Minto, a native and citizen of Jamaica, seeks review of a December 3, 2004 order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order of removal. The BIA found petitioner, who had been a lawful permanent resident of the United States, removable pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), and ineligible for cancellation of removal, pursuant to section 240A(a)(3) of the INA, because he had been convicted of an "aggravated felony." *See* 8 U.S.C. § 1101(a)(43)(B) (defining "aggravated felony"). In particular, the BIA found that the second of petition-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

er's two convictions for simple possession of marijuana in violation of N.Y. PENAL LAW § 221.05 qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B)'s definition of that term because it might have been prosecuted as a recidivist offense under the Controlled Substances Act.[1] *See* 21 U.S.C. § 844(a). Before this Court, petitioner contends that the BIA erred in determining that his New York marijuana conviction qualified as an "aggravated felony." We assume the parties' familiarity with the facts and procedural history of the case.

Because the BIA adopted the order of the IJ without modification, we treat the IJ's order as the final order of the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). While we must defer to the BIA's interpretation of the INA, we owe no deference to the BIA's interpretation of federal or state criminal statutes. *See Dalton v. Ashcroft*, 257 F.3d 200, 203–04 (2d Cir.2001). Therefore, we review *de novo* the BIA's determination that petitioner's second conviction for possession of marijuana constitutes an "aggravated felony" under the INA, which defines that term through reference to federal criminal statutes. *See Id.*

In *Alsol v. Mukasey*, 548 F.3d 207 (2d Cir.2008), we held that second conviction under New York law for simple drug possession, such as petitioner's, is not a felony under the Controlled Substances Act, and is therefore not an aggravated felony for immigration purposes, "simply because it *could have been* prosecuted as a recidivist offense under 21 U.S.C. § 844(a)." 548 F.3d at 210 (emphasis in original); *see also* 21 U.S.C. § 851(a)(1) (setting forth procedural requirements for prosecution of re-

cidivist possession under § 844(a)). Rather, for the reasons we explained in *Alsol*, "in order for a state misdemeanor offense to be treated as a recidivist offense and thus a federal felony under the CSA, the alien's status as a recidivist drug possessor must have been admitted or determined by a court or jury *within the prosecution for the second drug crime*." *Alsol*, at 216–17 (internal quotation marks omitted) (emphasis in original). The same analysis applies to this case, where petitioner was convicted of a "violation" under state law. Here, petitioner's alleged status as a recidivist drug possessor was neither admitted nor determined by a court or jury within the prosecution for his second drug offense.

Therefore, the petition for review is **GRANTED,** the decision of the BIA is **VACATED,** and the cause is **REMANDED** for proceedings consistent with this summary order.

---

1. Title 8 U.S.C. § 1101(a)(43)(B) defines "aggravated felony" to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined by section 924(c) of Title 18)[.]" In turn, 18 U.S.C. § 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act."