**Joel B. BECKFORD, Petitioner,**

v.

**Mark FILIP, Acting Attorney General of the United States,\* Emilio Gonzales, Commissioner, U.S. Citizenship and Immigration Service, Edward McElroy, Immigration and Customs Enforcement, United States Department of Justice, Respondents.**

No. 08–0693–ag.

United States Court of Appeals, Second Circuit.

Feb. 2, 2009.

Ransford B. McKenzie, Brooklyn, NY, for Petitioner.

Jesse M. Bless, Trial Attorney (Gregory G. Katsas, Assistant Attorney General,

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Acting Attorney General Mark Filip is automatically substituted

for former Attorney General Michael B. Mukasey as a defendant in this case.

Civil Division, David V. Bernal, Assistant Director, on the brief), Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Joel B. Beckford seeks review of a January 10, 2008, 2008 WL 243754, decision of the BIA finding him ineligible for cancellation of removal under section 240A of the Immigration and Nationality Act ("INA"), and denying him voluntary departure under section 240B of the INA, on the ground that he had previously been convicted of New York State law offenses that qualify as "aggravated felonies" for immigration purposes. We assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues on appeal.

Since oral argument was heard in this appeal, two other panels of this Court have published opinions addressing the central issues in this case. The parties have submitted letter briefs regarding each of these decisions, and the government has withdrawn its argument that Beckford should be considered an aggravated felon pursuant to the recidivist possession provision of the Controlled Substances Act ("CSA"), 21 U.S.C. § 844(a), in light of this Court's decision in *Alsol v. Mukasey*, 548 F.3d 207, 216–17 (2d Cir.2008) (holding a second simple drug possession under New York law is not an aggravated felony for purposes of the INA unless recidivist status is admitted in guilty plea or found by court or jury in prosecution for second or subsequent offense).

Reviewing *de novo*, *see Mugalli v. Ashcroft*, 258 F.3d 52, 55–56 (2d Cir.2001) (reviewing BIA interpretations of criminal laws *de novo* "because the BIA is not charged with administration of these laws"

(quotation marks omitted)), we conclude that Beckford's convictions, by plea of guilty, for criminal sale of marijuana in the fourth degree in violation of New York State Penal Law section 221.40 do not constitute aggravated felonies because the CSA contains a "mitigating exception" that "punishes distribution of a small amount of marihuana for no remuneration as a misdemeanor, *see* 21 U.S.C. § 841(b)(4)," *Martinez v. Mukasey*, 551 F.3d 113, 115 (2d Cir.2008) (quotation marks omitted).

We are not persuaded that *Martinez* can be distinguished, as the government contends, on the basis that Beckford actually committed a sale for remuneration and therefore would not have qualified for the mitigating exception under the CSA. The government relies upon an affidavit by a police officer stating that an undercover officer purchased marijuana from Beckford in exchange for U.S. currency. But the IJ refused to accept that document into the administrative record upon which we must base our decision, 8 U.S.C. § 1252(b)(4)(A), because it was submitted after the government had expressly rested on its evidence of removability. The government has not challenged that determination or presented any other basis by which we might consider the document now.

Even if we could consider the document, we would reject it as inconclusive because it is not clear whether the document is the instrument by which Beckford was charged and to which he pled guilty, or if it is merely an affidavit offered to the state court in support of charges against Beckford. *Cf. Shepard v. United States*, 544 U.S. 13, 20–23, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (rejecting, in sentencing context, argument that court applying modified categorical approach should be permitted to look "beyond conclusive records made or used in adjudicating guilt," such

**558**

as transcript of plea colloquy or written plea agreement in cases involving convictions by plea). The header of the document is partially obscured, and the document is not referenced in the state court "certificate of disposition" for the charges against Beckford to which the government has also cited. The government has offered no explanation of the document's role in Beckford's record of conviction and has not identified any other item in the record of conviction showing that Beckford admitted in his guilty plea to engaging in a sale for remuneration as opposed to distribution without remuneration. Nor does either of the documents suggest that Beckford's conviction would not qualify for the mitigating exception of the CSA on the ground that it involved distribution of more than a "small amount" of marijuana. 21 U.S.C. § 841(b)(4). Finally, the other crimes with which Beckford was charged were simple possessory crimes, which are not aggravated felonies absent a finding of recidivism. *Alsol*, 548 F.3d at 216–17.

For the reasons stated above, we conclude that Beckford's convictions under state law are not aggravated felonies for purposes of the INA and that he therefore is not ineligible for cancellation of removal on that ground. Accordingly, we GRANT the petition for review, VACATE the decision of the BIA, and REMAND the case for further proceedings consistent with this summary order.