**Errol Barrington SCARLETT,**
Petitioner–Appellant,

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY,**
Respondent–Appellee.

No. 06–2701–ag.

United States Court of Appeals, Second Circuit.

Feb. 13, 2009.

Lorie E. Almon (John P. Napoli, James Cho, Jeremi Chylinski, on the brief), Seyfarth Shaw LLP, New York, NY, for Petitioner.

Jesse M. Bless, Trial Attorney, Office of Immigration Litigation (Anthony C.

Payne, Senior Litigation Counsel, on the brief), for Peter D. Keisler, Assistant Attorney General, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Jamaican national Errol Barrington Scarlett petitions for review of the May 9, 2006 BIA decision dismissing his appeal from the January 18, 2006 decision of an Immigration Judge ("IJ") ordering him removed from the United States in light of a 1999 New York state conviction for second-degree drug possession, *see* N.Y. Penal Law § 220.18–1.[1] Specifically, the BIA held that Scarlett was ineligible for cancellation of removal because he had not sustained his burden of showing that he had not been convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a)(3) (denying cancellation relief to alien who has been "convicted of any aggravated felony"); 8 U.S.C. § 1229a(c)(4)(A)(i) (stating that alien has burden of proving statutory eligibility for cancellation relief); 8 C.F.R. § 1240.8(d) (complementing 8 U.S.C. § 1229a(c)(4)(A)(i)).

In so ruling, the BIA noted that a forensics report indicated that Scarlett had possessed more than five grams of a substance containing cocaine base. Reasoning that possession of that quantity of a substance containing cocaine base is punishable as a felony under federal law, *see* 21 U.S.C. § 844(a), and that this federal drug felony qualifies as an "aggravated felony" pursuant to 8 U.S.C. § 1101(a)(43)(B), the BIA concluded that a presumption of cancellation-relief ineligibility arose that Scarlett failed to rebut.

We review *de novo* the legal question of whether a conviction qualifies as an aggravated felony, *see Martinez v. Mukasey*, 551 F.3d 113, 117 (2d Cir.2008) (sustaining jurisdiction based on such a "question of law"), mindful that where, as here, the BIA's opinion does not expressly adopt but otherwise closely tracks the IJ's reasoning, we may consider both decisions "for the sake of completeness," *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008) (internal quotation marks omitted). In conducting our review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. The Categorical/Modified–Categorical Approaches Apply

■ We have recently held that an alien's burden to prove his eligibility for cancellation relief does not change the scope of the inquiry permitted by our categorical approach. *See Martinez v. Mukasey*, 551 F.3d at 121–22. That is because, like the INA's removal provision for aliens convicted of aggravated felonies, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), the cancellation statute's use of the term "convicted," 8 U.S.C. § 1229b(a)(3), confines the relevant inquiry to "what was encompassed in the [alien's] *conviction*," *Martinez v. Mukasey*, 551 F.3d at 118 n. 3 (emphasis in original); *see also Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 145 (2d Cir.2008) (explaining, with respect to § 1227(a)(2)(A)(iii), that categorical approach follows from statute's use of the word "convicted"); *Alsol v. Mukasey*, 548 F.3d 207, 215 (2d Cir.2008) (emphasizing INA's requirement that removal be premised on an "actual conviction," and juxtaposing statutory language used in

---

1. New York Penal Law § 220.18–1 was amended in 2004 to heighten the quantity requirement from 2 to 4 ounces. *See* 2004 N.Y. Sess. Laws Ch. 738. Our reference, however, is to the statute as it existed in 1999.

§ 1227(a)(2)(A)(iii) with that used in § 1229b(a)(3)).

Thus *Martinez* necessarily defeats the government's argument in this case that an alien's burden to prove eligibility for cancellation relief means that the categorical approach, as sometimes modified when a criminal statute encompasses diverse classes of criminal acts, *see Martinez v. Mukasey,* 551 F.3d at 118 n. 4, does not apply. *See* Respondent's Br. at 29. Martinez makes clear that the categorical and modified-categorical approaches do apply in such circumstances. Further, the straightforward application of these approaches reveals that the agency erred when it relied upon evidence outside of Scarlett's record of conviction to impose a presumption of ineligibility for relief.

### 2. *Application of the Categorical/Modified–Categorical Approaches*

■ Pursuant to a guilty plea, Scarlett was convicted under New York law of second-degree drug possession, a crime that neither the agency held nor the parties contend categorically translates to a federal drug felony. *Compare* N.Y. Penal Law § 220.18–1 (referring generically to possession of substances containing a "narcotic drug"), *with* 21 U.S.C. § 844(a) (referring, for felony purposes, to possession of mixture or substance containing "cocaine base").

Under our modified-categorical approach, where a criminal statute under which an alien has been convicted is divisible into conduct that qualifies as an aggravated felony as well as conduct that does not, a court may delve into the record of conviction to identify those facts "to which a defendant *actually and necessarily pleaded* in order to establish the elements of the offense, as indicated by a charging document, written plea agreement, or plea colloquy transcript." *Dulal–Whiteway v. U.S. Dep't of Homeland Sec.,* 501 F.3d 116, 131 (2d Cir.2007) (emphasis added); *see also* 8 U.S.C. § 1229a(c)(3)(B) (listing documents that "shall constitute proof of a criminal conviction"). Scarlett concedes that he pleaded guilty to second-degree possession of cocaine, the drug specifically alleged in his indictment. That fact, however, does not demonstrate that his state conviction equates to a federal felony. The relevant federal analog renders possession of a substance containing more than five grams of "cocaine base" a federal felony. 21 U.S.C. § 844(a). Simple possession of a comparable quantity of powder cocaine is a federal misdemeanor. *See id.; cf. Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 564–66, 169 L.Ed.2d 481 (2007) (noting disparate treatment of offenses involving "crack" and powder cocaine under Sentencing Guidelines).

To the extent the agency relied on a forensics report indicating that the drugs seized from Scarlett contained more than five grams of a substance containing cocaine base, that report was not within the class of documents constituting Scarlett's record of conviction.[2] *See Dulal–Whiteway v. U.S. Dep't of Homeland Sec.,* 501 F.3d at 131; *see also* 8 U.S.C. § 1229a(c)(3)(B). Specifically, Scarlett did not "actually and necessarily" plead to the report's findings, *Dulal–Whiteway v. U.S. Dep't of Homeland Sec.,* 501 F.3d at 131,

---

**2.** Our decision is based on the record developed before the agency—a record that did not include Scarlett's plea colloquy. *See generally* 8 U.S.C. § 1252(b)(4)(A) (stating that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based"). Although we

ordered Scarlett to supply that colloquy, *see* Order, *Scarlett v. U.S. Dep't of Homeland Sec.,* No. 06–2701–ag (2d Cir. Feb. 1, 2008), that order was based on the representation—which later turned out to be incorrect—that the colloquy was part of the administrative record.

and his conviction did not "encompass[ ]" them, *Martinez v. Mukasey,* 551 F.3d at 118 n. 3.

That conclusion not only follows from the cancellation statute's use of the term "convicted," *see id.*; it also accounts for the practical and equitable concerns about post-hoc, extra-record agency adjudications, *see Dulal–Whiteway v. U.S. Dep't of Homeland Sec.,* 501 F.3d at 126, and dovetails with the general understanding of a plea agreement as a bargained-for exchange, *see generally Mabry v. Johnson,* 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). If federal authorities were to allow a defendant arrested in possession of a substance containing more than five grams of cocaine base to plead guilty to possession of an unspecified quantity of that drug, the conviction would plainly be for a misdemeanor, not a felony. Although on the evidence seized, Scarlett conceivably could have been convicted by New York for a drug offense that would have equated to a federal drug felony precluding relief from removal, because his plea supports a conviction for a crime that equates only to a federal misdemeanor, he could not be found ineligible as a matter of law for cancellation of removal.

In sum, the agency erred in considering evidence beyond Scarlett's record of conviction to conclude that his state conviction equated to a federal drug felony, thereby creating an ineligibility presumption that he failed to rebut. Because we vacate and remand on this ground, we need not and do not consider Scarlett's due-process challenge. Similarly, we express no view as to how the agency should weigh the facts in exercising its discretion to consider relief from removal.

The petition for review is GRANTED, the decision of the BIA is VACATED, and this case is REMANDED for further proceedings consistent with this decision.